UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------X
THERESA GADSON,

                Plaintiff,                      MEMORANDUM & ORDER
                                                        05-CV-4768 (NGG) (LB)
       - against -

LONG ISLAND JEWISH HOSPITAL,

                Defendant.
---------------------------------------------------X
GARAUFIS, United States District Judge.

**I.     INTRODUCTION**

Theresa Gadson ("Plaintiff" or "Gadson") filed this employment discrimination action against Long Island Jewish Medical Center s/h/a Long Island Jewish Hospital ("Defendant" or "LIJH") on October 7, 2005, pursuant to Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e to 2000e-17.  (Compl. at 1.)  LIJH now moves to dismiss Gadson's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Mot. to Dismiss at 1.)  For the reasons set forth below, LIJH's motion is GRANTED in part and DENIED in part.

**II.    BACKGROUND**

The following factual allegations in the Amended Complaint and Affidavits are accepted as true for the purpose of resolving this motion to dismiss.  See Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).  Gadson is an African-American woman.  During a three-year period beginning in March 2003, Gadson repeatedly sought employment with LIJH without any success.  Her applications were not acknowledged by LIJH, while individuals of

"Island Descent" (a term used, but not defined, by Gadson) and family members of employees of LIJH were "being considered."

On or about August 30, 2005, Gadson obtained a right to sue letter from the United States Equal Employment Opportunity Commission ("EEOC") based on her allegation that LIJH had failed to hire her because of her race. The EEOC was unable to conclude that Gadson's information established a violation of the federal anti-discrimination statutes, and it closed its investigation of the case. However, the EEOC was unable to conclude that LIJH was in compliance with those statutes.

Subsequently, on or about September 28, 2005, Gadson commenced the instant proceeding against LIJH, alleging that LIJH's failure to hire her was based on her race and national origin. (Compl. ¶ 7.) LIJH moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## III. LEGAL FRAMEWORK

### A. Motions to Dismiss

When deciding a motion to dismiss filed pursuant to Rule 12(b)(6), a court must read the complaint liberally, assume that the allegations in the complaint are true, and draw all reasonable inferences in the plaintiff's favor. See Todd v. Exxon Corp., 275 F.3d 191, 197-198 (2d Cir. 2001). A motion to dismiss will be granted if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, a court must consider not whether a plaintiff will ultimately succeed, but whether he or she is "entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). Court papers that may be considered when

evaluating a motion to dismiss include any written instrument attached to the complaint as an exhibit and any statements or documents incorporated in the complaint by reference. Fed. R. Civ. P. 10(c).

### B. Employment Discrimination Cases

The Supreme Court has explained that a plaintiff asserting an employment discrimination claim need not plead facts establishing each element of a prima facie case in order to survive a motion to dismiss, but rather must merely allege facts sufficient to satisfy the notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). That is, to survive a motion to dismiss, a plaintiff need provide only a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2); see also Braphman-Bines v. N.Y. City Police Dep't., No. 03 Civ 10207 (KMK), 2004 U.S. Dist. LEXIS 26416, at *14 (S.D.N.Y. Jan. 3, 2005) ("Under Swierkiewicz, Rule 8 pleading is extremely permissive.").

Even under this the liberal pleading standard, however, it must be clear from a complaint "what adverse employment action or actions serve as the basis for [a plaintiff's] . . . discrimination claim [thereby] giving fair notice in [the] complaint of the grounds upon which [a] claim that those actions were discriminatory rests." Galvez v. N.Y. Mortg. Co. LLC., No. 05 Civ. 2365 (DLC), 2005 U.S. Dist. LEXIS 19053, at *11 (S.D.N.Y. September 1, 2005).

### C. Pro Se Cases

Because Gadson proceeds *pro se*, I judge her pleadings by a more lenient standard than that applied to a "complaint submitted by counsel." Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [the *pro se*

3

party's] supporting papers liberally, and will interpret them to raise the strongest arguments they suggest."); Hamlin v. Mitchelson, 794 F.2d 834, 838-39 (2d Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) for the principle that *pro se* pleadings are given a liberal construction).

In addition, I may consider the facts set forth in a *pro se* plaintiff's opposition papers to a motion to dismiss as part of the pleadings when making my decision. See Samuels v. Stone, No. 98 Civ. 776 (WHP), 1999 U.S. Dist. LEXIS 12582, at *14 n.1 (S.D.N.Y. Aug. 17, 1999) (citing Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987)); see also Amofa v. Bronx-Lebanon Hosp. Ctr., No. 05 Civ. 9230 (SHS), 2006 U.S. Dist. LEXIS 83199, at *6-7 (S.D.N.Y. Nov. 13, 2006) (considering plaintiff's race in evaluating a motion to dismiss his employment discrimination claim even though his race was stated only in an affidavit he submitted in opposition to a motion to dismiss). I have considered one fact set forth only in an affidavit filed by Gadson in opposition to LIJH's motion to dismiss: that individuals of "Island Decent" have been considered for employment by LIJH while Gadson's applications have been overlooked.

## IV.  ANALYSIS

LIJH argues that the Complaint does not give sufficient notice of Gadson's claim and the ground upon which it rests, as required by Fed. R. Civ. Pro. 8(a) and Swierkiewicz. This argument does not suffice to dismiss Gadson's entire Complaint.

In Swierkiewicz, a case involving allegations of age and national-origin discrimination, the complaint "easily satisfie[d] the requirements of Rule 8(a)" because it "detailed the events leading to [plaintiff's] termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." Swierkiewicz, 534 U.S. at 514. Employment discrimination cases decided in the Second Circuit

4

after Swierkiewicz similarly require a modicum of facts regarding the adverse action and the disparate treatment involved. See, e.g., Hinds v. Pathmark Stores, Inc., 04-CV-3722 (FB), 2005 U.S. Dist. LEXIS 13650, at *4 (E.D.N.Y. June 2, 2005) (complaint alleging that a demotion was racially-motivated satisfied Rule 8 because it asserted that a white employee was promoted ahead of the complaining black employee despite having less seniority, in violation of a collective bargaining agreement); Johnson v. Trs. of Columbia Univ. In N.Y., No. 00 Civ. 8118 (WK)(RLE), 2003 U.S. Dist. LEXIS 7201, *14 (S.D.N.Y. April 5, 2003) (complaint alleging race and age discrimination based on defendant's failure to hire plaintiff met the Swierkiewicz standard because it stated that plaintiff was a member of a protected group, described the process by which plaintiff applied for a specific job and described the actions of the defendant).

By contrast, employment cases in which plaintiffs do not state any details about an adverse employment action, but merely assert the conclusion that they were discriminated against, fail to meet the liberal pleading standard of Rule 8. See, e.g., Straker v. Metro. Transit Auth., 333 F. Supp. 2d 91, 99 (E.D.N.Y. 2004) (complaint alleging racial discrimination by defendant-employer was dismissed as conclusory because it lacked factual support as to "the grounds upon which [the complaint] rests," although it provided "fair notice of what the plaintiff's claim is") (citing Swierkiewicz at 512).

In the instant case, Gadson meets the Rule 8 pleading standard, as adopted by Swierkiewicz, because she pled facts regarding "the events leading to [her non-hiring], provided relevant dates, and included the . . . nationalities of at least some of the relevant persons involved with [her non-hiring]." Swierkiewicz, 534 U.S. at 514. More specifically, Gadson explains, "I have been desperately trying to be an employee of Long Island Jewish hospital since I knew they

5

were hiring through the summer program" (Compl. ¶ 8); identifies by month and year the five occasions on which the alleged discrimination occurred (id. ¶ 5); notes that she is African-American, and therefore part of a protected class under Title VII (Gadson Letter to Judge Bloom dated March 22, 2006 at 8); and alleges that "individuals of Island Descent has been considered while [my] application[] has been overlooked" (id.). Because Gadson has given LIJH "fair notice of what [her] claims are and the grounds upon which they rest," Swierkiewicz at 514, the court cannot dismiss Gadson's claim of discrimination based on race and/or national origin.

To be sure, the Complaint does not appear, at this time, to present a case that is likely to succeed. Gadson has failed to explain, among other things, what position(s) she applied for, the meaning of the phrase "Island Descent," the identities of the individuals of "Island Descent" whom Gadson believes were considered for employment or hired instead of her, and the basis for her belief that these individuals were hired (and she was not hired) on the basis of race and/or national origin. But such defects are not grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). "[C]laims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." Sweierkiewicz at 514.

To the extent the Defendant requires additional information in order to defend itself against Plaintiff's allegations of discrimination of the basis of race and national origin, it may obtain that information through the ordinary tools of discovery, such as by soliciting answers to interrogatories and testimony at deposition. Should it then continue to believe that Gadson's claims of racial and national-origin discrimination lack merit, it may then move the court to dismiss the Complaint under the standards for summary judgment set forth in Fed. R. Civ. P. 56.

6

Gadson has not, however, alleged facts amounting to a cause of action based on her allegation that "there are several positions that are filled by the family members who are already at the hospital." (Compl. ¶ 8.) This assertion does not state a cause of action because it alleges nepotism, not discrimination on the basis of "race, color, religion, sex, or national origin." Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) (1994). That claim must therefore be dismissed.

## V. CONCLUSION

For the reasons set forth above, LIJH's motion to dismiss is GRANTED with respect to Gadson's claim of nepotism and DENIED with respect to Gadson's claim of discrimination based on race and/or national origin.


SO ORDERED.

Dated: March 21, 2007　　　　　　　　　　　　　　　　 /s/ Nicholas G. Garaufis　
　　　　Brooklyn, N.Y.　　　　　　　　　　　　　　　　NICHOLAS G. GARAUFIS
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge